# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By dreese at 12:25 pm, Oct 25, 2013

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 7 Case |
| KEITH R. CONNER ) | |
| WENDY J. CONNER ) | |
| ) | Number 09-42532 |
| *Debtors* ) | |

## ORDER ON DEBTORS' MOTION TO REOPEN CASE

Before the Court is Debtors' Motion to Reopen their Chapter 7 Case. Dckt. No. 30. Debtors filed their bankruptcy petition on November 4, 2009, and received a discharge on June 11, 2010. Dckt. Nos. 1 and 27. On June 24, 2010, a Final Decree was entered and the case was closed. Dckt. No. 29. On July 26, 2013, Debtors filed a Motion to Reopen their Chapter 7 case for the purpose of entering into a reaffirmation agreement with Wells Fargo Home Mortgage ("Wells Fargo") on their house. Dckt. No. 30.

This matter came on for hearing on September 23, 2013. At the hearing, Debtors argued that in order to obtain a loan modification on their residence, a reaffirmation agreement needs to be in place with Wells Fargo. Accordingly, they request that their case be reopened to allow them to enter into this agreement. While Debtors' schedules (Statement of Intention, Dckt. No. 1 at

1

AO 72A
(Rev. 8/82)

36) memorialized an intent to reaffirm the debt with Wells Fargo, Debtors' counsel stated unequivocally that no reaffirmation agreement, even in principle, was made prior to Debtors' discharge. Debtors did not offer any testimony or introduce any evidence regarding the status of the reaffirmation agreement.

Debtors contend that while their case was pending they could not obtain a reaffirmation with Wells Fargo, but that because Wells Fargo subsequently adjusted its policy, it has now agreed to extend a reaffirmation agreement in order to allow Debtors the opportunity to enter into a home loan modification. The Court provided the Debtors an opportunity to submit post-hearing briefing, which the Debtors submitted on October 9, 2013. No party has raised an objection to the Motion to Reopen.

Bankruptcy Rule 5010 states that a case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Bankruptcy Code. FED. R. BANKR. P. 5010. The Court has discretion to reopen a bankruptcy case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); In re Strickland, 285 B.R. 537, 539 (Bankr. S.D. Ga. 2001) (Davis, J.). The Debtor bears the burden to show cause for reopening the case. In re D'Antignac, 2013 WL 1084214, *5 (Bankr. S.D. Ga. Feb. 19, 2013) (Barrett, J.). A case will not be reopened "if doing so would be futile." In re Jenkins, 330 B.R. 625, 628 (Bankr. E.D. Tenn. 2005).

Reaffirmation agreements are unenforceable unless the "agreement was made before the granting of the discharge . . . ." 11 U.S.C. § 524(c)(1); see also In re Nichols, 2010 WL 4922538, at *1 (Bankr. N.D. Iowa Nov. 29, 2010) ("Once the discharge is entered, the deadline for making a reaffirmation agreement is past, and the Court lacks jurisdiction to approve a reaffirmation agreement made later."). "[B]ecause reaffirmation agreements are not favored, strict compliance with § 524(c) is mandated." In re Stewart, 355 B.R. 636, 639 (Bankr. N.D. Ohio 2006).

For the purposes of § 524(c)(1), "a reaffirmation agreement is 'made' no earlier than the time when the requisite writing which embodies it has been fully executed by the debtor . . . ." In re Collins, 243 B.R. 217, 220 (Bankr. D. Conn. 2000); In re Wade, 2011 WL 477812, at *1 (Bankr. M.D.N.C. Feb. 3, 2011) ("made" means signed by the parties to the agreement); In re Salas, 431 B.R. 394, 396 (Bankr. W.D. Tex. 2010) (same); but see In re Mausolf, 402 B.R. 761, 764-65 (Bankr. S.D. Fla. 2009) (holding that an agreement is "made" when the parties to the reaffirmation have a "meeting of the minds"). Where a reaffirmation agreement has not yet been executed, but the case has been discharged, reopening a Chapter 7 would serve no purpose because the reaffirmation agreement would be unenforceable. In re Wang, 2007 WL 7140214, *1 (Bankr. N.D. Ga. 2007) (denying motion to reopen to allow debtor to enter into a reaffirmation agreement);

3

see also In re Eger, 2006 WL 6591848, *1 (Bankr. N.D. Ga. 2006) (denying motion to reopen where the court could not determine whether the reaffirmation agreement was "made" prior to the entry of debtor's discharge); In re Suber, 2007 WL 2325229 (Bankr. D.N.J. 2007) (same); In re Parthemore, 2013 WL 3049291, at *3 (Bankr. N.D. Ohio Jun. 17, 2013) ("because the reaffirmation agreement sought to be filed by Debtors does not comply with the requirements of § 524(c), the court is without authority to accord Debtors the relief requested in their Motion [reopening of the case under § 350].") In re Bellano, 456 B.R. 220, 223 (Bankr. E.D. Pa. 2011) (denying motion to reopen to allow the execution of a post-discharge reaffirmation agreement and further explaining that the Court does not have authority under § 105(a) to disregard the unambiguous statutory authority of § 524(c)).

No evidence has been produced establishing that a reaffirmation agreement was made prior to discharge, and indeed, Debtors' counsel expressly stated that no agreement was made either in principle or in writing before the discharge. Therefore, as the reaffirmation agreement was not made prior to discharge, it cannot be enforceable under § 524(c). Because the reaffirmation agreement is unenforceable, reopening Debtors' case would be futile. Accordingly, the Court finds that Debtors' case may not be reopened.

◆AO 72A
(Rev. 8/82)

ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Debtors' Motion to Reopen Case is DENIED.

Edward J. Coleman, III
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 25th day of October, 2013.